IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES ELNICKI, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION |
| JO ANNE B. BARNHART, Commissioner of the Social Security Administration, | : | NO. 04-CV-2653 |
| Defendant. | : | |

**MEMORANDUM AND ORDER**

**Juan R. Sánchez, J.**                                                                                                  **July 21, 2005**

      James Elnicki asks this Court to reverse or remand the Social Security Administration's denial of Supplemental Security Income (SSI) under Title XVI of the Social Security Act, arguing the Administrative Law Judge's decision (ALJ) was not supported by substantial evidence. This Court finds the ALJ's decision that Elnicki is able to perform light, unskilled work is supported by substantial evidence from the independent medical examiner and the vocational expert. Elnicki's objections are denied and U.S. Magistrate Judge Linda K. Caracappa's Report and Recommendation is adopted. The Commissioner's motion for summary judgment is granted.

**PROCEDURAL HISTORY**

      On January 23, 2003, Elnicki filed an application for Supplemental Security Income (SSI). (ALJ 1). After a hearing, the ALJ concluded Elnicki suffers from some "severe" impairments, but retains the residual functional capacity to perform unskilled light work and is, therefore, not

entitled to benefits. (ALJ 1-9). The Appeals council denied Elnicki's request for reconsideration, making the ALJ's decision final. (R. 5). Elnicki appealed to this Court.[1]

**FACTS**

James Elnicki was born on August 11, 1949 and is 55 years old. (ALJ 1). He is a high school graduate and is six credits short of completing two years of college (R. 97, 269).[2] He alleged disability as of August 15, 1999 due to coronary artery disease, hypertension, and depression (R. 62-65).

Elnicki last worked full time as a printer in 1993. Since then, Elnicki has held a few short-term jobs lasting several months each as a clerk and, most recently, as a courtesy van driver for a hotel in the last three months of 2002. (R. 270-71, 297, 298). From 1993 to 1999, Elnicki received welfare and attended community college under the state's back to work program. (R. 274).

Elnicki takes care of his two children and three pets. (ALJ 5). He cleans and does some of the laundry. *Id.* Elnicki provides his own personal care, drives a car, uses public transportation, pays his bills, mows the lawn and does yard work. *Id.* He can also carry two bags about a block and a half, and his lifting and carrying ability is about 10-15 pounds. *Id.*[3] Elnicki can also dress, shower and make a bed without resting. *Id.*

---

[1] 42 U.S.C. § 405(g) confers jurisdiction over Elnicki's appeal to this Court.

[2] The ALJ Report states claimant has a 10th grade education. (ALJ 10). However, the record and claimant's own testimony show claimant is six credits short of completing two years of college.

[3] Light work is defined as:
  Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. 20 C.F.R. § 1567(b).

Elnicki's depression and history of coronary artery disease and hypertension are impairments which are "severe" within the meaning of the Regulations but not "severe" enough to meet or medically equal, either singly or in combination, one of the impairments which qualifies for disability in Appendix 1, Subpart P, Regulations No. 4. (R. 18).[4]

In August 1999, Elnicki had a heart attack and was hospitalized for three days. (R. 114-15). Elnicki was advised to undergo cardiac rehabilitation, discontinue smoking and watch his diet. *Id*. On April 14, 2002, Elnicki went to the emergency room with unstable angina. (R. 139-140). After several more tests, Elnicki was discharged two days later, again with instructions to quit smoking, start an exercise program, and watch his diet. (R. 140-41). On December 31, 2002, Elnicki had a second heart attack which resulted in a cardiac catheterization and stenting procedure. (R. 172-74, 196-98). Post surgery, his congestive heart failure was almost completely resolved. (R. 170). He was discharged on January 4, 2003 in stable and improved condition, again with instructions to quit smoking and to follow a specified diet. (R. 173-74, 200).

Elnicki testified he attempted to return to the van driving job he held in the last three months of 2002. (R. 278). He also testified he applied for at least 200 other jobs. (R. 280). He said he believed he was turned down because he was on probation for a felony conviction. (R. 280-81). On May 19, 2003, a state agency medical consultant found Elnicki could perform light work and he had no other limitations. (R. 203-06). Elnicki's arguments on appeal involve only the ALJ's findings discounting his alleged mental impairment.

---

[4] A medically determinable impairment or combination of impairments is "severe" if it significantly limits an individual's physical or mental ability to do basic work activities. (20 CFR § 416.920).

On August 6, 2003, Elnicki referred himself to The Wedge Medical Center with complaints of depression, fatigue, poor sleep and poor concentration (R. 233). Minda Magundayao, M.D., the intake physician at Wedge, noted Elnicki was fully oriented with a fully intact recent and remote memory. (R. 240). At Elnicki's initial psychosocial evaluation, Dr. Magundayo found his thought process logical and goal-directed, perception normal, and insight and memory fair. She also stated Elnicki believed he could not find a job because he was a convicted felon. (R. 233-44). Dr. Magundayao recommended Elnicki be treated five times per week for one year. (R. 244). On October 3, 2003, Dr. Magundayao stated Elnicki was "temporarily incapacitated." (R. 224).

Florencio Stafford, Elnicki's treating therapist at the Wedge Center, found Elnicki's abilities were "poor" in completing a normal workday and work week without interruptions from symptoms of depression, dealing with work stresses, and understanding and carrying out detailed and simple job instructions. (R. 252-54). Stafford and Dr. Magundayao recommended Elnicki continue with his group meetings and treatment sessions on a regular basis. (R. 262-63).

At the administrative hearing, Sharon Wainwright, M.D., an independent medical expert, testified Elnicki had depression without psychotic features. (R. 292). Dr. Wainwright found Elnicki was not impaired or only slightly impaired. (R. 293). She testified the symptoms Elnicki described called for therapy no more than once a week. (R. 293).

Dr. Wainwright also specifically rebutted Stafford's assessment of Elnicki's mental ability to work. (R. 295-97). Dr. Wainwright stated Stafford's comment that Elnicki's "ability to focus is nil" was inconsistent with the fact that he continued to maintain a household with children. (R. 296). Dr. Wainwright found Elnicki's concentration was moderately impaired, but

this was because he was under a financial strain and his children were having behavioral problems.

**DISCUSSION**

Elnicki argues the ALJ gave insufficient weight to his treating health care providers and failed to include all of his functional limitations in the ALJ's hypothetical question to the vocational expert, resulting in a wrongful denial.

This Court reviews *de novo* Elnicki's objections to the Report and Recommendation. 28 U.S.C § 636(b)(1). This Court must uphold the ALJ's factual determinations supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003). It is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). Where an agency's factfinding is supported by substantial evidence, "reviewing courts lack power to reverse either those findings or the reasonable regulatory interpretations that an agency manifests in the course of making such findings of fact." *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1191 (3d. Cir. 1986).

In determining whether substantial evidence exists, this Court may not weigh the evidence or substitute its own conclusions for that of the ALJ. *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002). If the ALJ's findings of fact are supported by substantial evidence, this Court is bound by those findings, even if it would have decided the factual inquiry differently. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)). At the same time, however, this Court must remain mindful that "leniency

[should] be shown in establishing claimant's disability." *Reefer*, 326 F.3d at 379 (quoting *Dobrowolsky v. Califano*, 606 F.2d 403, 407 (3d Cir. 1979)).

To establish a disability under the Social Security Act, Elnicki must demonstrate there is some "medically determinable basis for an impairment that prevents him from engaging in any substantial gainful activity for a statutory twelve-month period." 42 U.S.C. §423 (a)(1)(D)(2002).[5] There are two ways Elnicki could establish such a disability. He may produce medical evidence he is disabled *per se* as a result of meeting or equaling certain listed impairments.[6] Elnicki alternatively may demonstrate an inability to engage in any substantial activity but "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999). Elnicki does not meet any listed impairments to establish a disability. In determining whether he is disabled under the regulations, this Court must use a five-step evaluation. 20 C.F.R. § 416.920.[7] In this case, the

---

[5] Regulation 20 C.F.R. 416.972 defines substantial gainful activity as follows: Substantial gainful activity is work activity that is both substantial and gainful: (a) Substantial work activity is work activity that involves doing significant physical or mental activities. Work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before. (b) Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized.

[6] The listed impairments to prove disability *per se* are set forth in 20 C.F.R. Ch. III, Pt. 404, Subpt. P, App. 1; *see Heckler v. Campbell*, 461 U.S. 458, 460 (1987)

[7] The five-step evaluation is:
 1. If the claimant is performing substantial gainful work, he is not disabled. The ALJ found that claimant has not engaged in substantial gainful activity since his alleged onset date due to the brevity of the work he has done. (ALJ 2). 2. If the claimant is not performing substantial gainful work, his impairment(s) must be "severe" before he can be found to be disabled. The ALJ found that claimant doe shave impairments that are "severe" within the meaning of the Regulations . (ALJ 8). 3. If the claimant is not performing substantial gainful work and has a "severe" impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is presumed disabled without further inquiry. The ALJ found claimant's

Commissioner reached the fifth step of the evaluation and determined Elnicki was capable of performing unskilled light work. *See generally* ALJ.

Generally the Commissioner gives controlling weight to the findings and opinions of treating physicians. 20 C.F.R § 416.927(d)(2); *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005). Treating physicians' opinions may be rejected "only on the basis of contradictory medical evidence," although the opinion may be accorded "more or less weight depending upon the extent to which supporting explanations are provided." *Plummer*, 186 F.3d at 429. The ALJ may reject a physician's statement of disability if there is a lack of data supporting it. *Newhouse v. Heckler*, 753 F.2d 283, 285 (3d Cir. 1985) (ALJ justified in rejecting treating physician's unsupported medical conclusions). The ALJ may also reject a physician's statement of disability if there is contrary medical evidence. *Frankenfield v. Bowen*, 861 F.2d 405, 408 (3d Cir. 1988) (treating physician's opinion may be given no weight by ALJ if opinion is contrary to substantial medical evidence). A treating physician's opinion is given controlling weight only when it is well-supported and consistent with the other evidence on record. 20 C.F.R. § 416.927(d)(2).

The testimony of the independent medical expert is supported by substantial evidence. The ALJ considered all the evidence and, as required, gave her reasons for discounting the evidence she rejects. *See Stewart v. Secretary of H.E.W.*, 714 F.2d 287, 290 (3d Cir. 1983). The

---

medically determinable impairments do not meet or medically equal one of the listed impairments. (ALJ 8).

 4. If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled. The ALJ found that claimant cannot perform his past relevant work because it exceeded a light residual functional capacity. (ALJ 7).

 5. Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled. The ALJ found that the claimant has the residual functional capacity to perform a significant range of light work using Medical-Vocational Rule 202.00 as a framework for decision-making. Examples of such jobs include work in approximately 1,600 separate sedentary and light unskilled occupations in eight broad occupational categories. (ALJ 9).

ALJ also set forth the reasons for adopting the findings of an impartial medical expert, Dr. Wainwright.[8]

First, the ALJ discussed in detail Dr. Magundayao's evaluation of Elnicki's mental status at intake in August, 2003. (ALJ 5). Dr. Magundayo noted Elnicki had been seeking employment but believed he could not get a job due to his prior felony conviction and probation status, not due to a mental impairment. (R. 240). Dr. Magundayao's findings at that time did not indicate any mental impairment that would preclude Elnicki from unskilled work.

The independent medical expert, Dr. Wainwright, also found Elnicki's only significant mental limitation was a moderate limitation in concentration. (ALJ 6). Dr. Wainwright found Elnicki is appropriately sad about real life circumstances, such as problems with his children and his inability to find a job, but that it would be incorrect to say Elnicki is unable to function on his own. Although Elnicki has some mental impairments, medical evidence and the opinion of the independent medical expert support the notion that Elnicki's mental disabilities do not preclude him from unskilled work. Therefore, this Court finds the ALJ's evaluation of Dr. Wainwright's findings was supported by substantial evidence.

Elnicki also objects to the Magistrate Judge's analysis that the evidence of continued treatment is merely cumulative and would not have changed the outcome. Although evidence considered by the Appeals Council, but not the ALJ, is part of the administrative record on appeal, it cannot be considered by this Court in making its substantial evidence review. *Matthews v. Apfel*, 239 F.3d 589, 593 (3d Cir. 2001).

---

[8] The ALJ noted Dr. Wainwright is in the unique position of taking a longitudinal review of the entire record and hearing the claimant's testimony. Dr. Wainwright considered all of the evidence and testified that there was no reason to place the claimant in a partial program. According to Dr. Wainwright, the symptoms Elnicki presented are ordinarily treated with once a week therapy and medication.

If this Court were to find the new evidence meets the criteria specified under sentence six of 42 U.S.C. § 405(g), then the only option is to remand to the Commissioner. To warrant a new evidence remand under sentence six, the plaintiff must show: (1) the evidence is "new" and not merely cumulative of what is already in the record; (2) the evidence is "material", i.e., relative and probative, and there is a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination; (3) the evidence must not concern a later-acquired disability or a subsequent deterioration of the previously non-disabling condition; and (4) there is "good cause" for not having included the new evidence in the record. *Szubak v. Secretary of Health and Human Services*, 745 F.2d 831 (3d Cir. 1984). This Court agrees with the Magistrate Judge that new evidence Elnicki offers about his treatment schedule is cumulative. This new evidence would not change the ALJ's decision.[9]

Elnicki also argues the ALJ's reliance on the vocational expert (VE) was erroneous because the hypothetical questions were incomplete. An ALJ's hypothetical questions to a VE must include all the limitations supported by the record. *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Here, the ALJ's hypotheticals expressly limited Elnicki to unskilled light work (R. 298). Because the hypotheticals accurately reflected Elnicki's limitations that are supported by the evidence, there is substantial evidence to support that the ALJ's questions accurately reflected Elnicki's documented impairments and limitations.[10]

---

[9] Claimant argues the new evidence, which shows that he continues to attend mental health treatment for 18 hours each weak, proves an inability to sustain full time employment and that he is disabled. Claimant fails to realize an ability to work part-time is enough to prevent a finding of disabled under the Act.

[10] Even if Claimant had proven the ongoing mental health treatment he undertakes for 18 hours each week, there would still be many jobs in the economy that claimant is able to do. The only difference is claimant would be limited to part-time jobs as opposed to part-time and full-time jobs. However, there are certainly many part-time jobs that claimant is able to perform. This issue is moot.

**CONCLUSION**

The ALJ's decision that Elnicki is able to perform light, unskilled work is supported by substantial evidence from the independent medical examiner and the vocational expert. The ALJ's decision to give greater weight to the independent medical expert's opinion is supported by substantial evidence in the record. The new evidence Elnicki seeks to introduce in this appeal is cumulative and does not satisfy the requirements of a remand under sentence six of 42 U.S.C. § 405(g). Finally, there is substantial evidence to support the accuracy of the ALJ's questions to the vocational expert. Elnicki is capable of performing light, unskilled activity, for which there are jobs in the economy.

For the foregoing reasons, this Court approves and adopts the Report and Recommendation of Magistrate Judge Linda K. Caracappa. Summary Judgment is hereby granted in favor of Defendant, the Commissioner of Social Security, and against Plaintiff James Elnicki.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES ELNICKI,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| **JO ANNE B. BARNHART,** | : | NO. 04-CV-2653 |
| Commissioner of the | : | |
| Social Security Administration, | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## **ORDER**

AND NOW, this 21ˢᵗ day of July, 2005, after consideration of the pleadings and record, and after review of the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa, and Plaintiff's objections, it is hereby ORDERED that

    1. The Report and Recommendation is APPROVED and ADOPTED.

    2. The Plaintiff's motion for summary judgment and appeal is DENIED.

    3. The Defendant's motion for summary judgment is GRANTED.

BY THE COURT:

_____
Juan R. Sánchez. J.